IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL A. SCHULMAN, | § | |
| Plaintiff, | § § § | |
| V. | § § | No. 3:12-cv-4835-N-BN |
| CHERIS THERESA SCHULMAN, ET AL., | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation. Because the Court lacks subject matter jurisdiction over this action, the Court should remand the action to the 101st Judicial District, Dallas County, Texas, from which it was removed, and deny without prejudice Defendant North Texas Tollway Authority's motion to dismiss [Dkt. Nos. 10 & 13] and Plaintiff's motion for court ordered dismissal [Dkt. No. 22].

**Background**

Plaintiff Joel A. Schulman filed this civil action in Texas state court, seeking declaratory relief based on allegations that Defendant Cheris Theresa Schulman is using the toll road operated by Defendant North Texas Tollway Authority ("NTTA") without paying applicable tolls, that NTTA knows Ms. Schulman is in exclusive control

of the vehicle being driven through the toll road, that Plaintiff is in no way responsible for the resulting tolls levied by NTTA, and that Ms. Schulman is solely responsible for any tolls, fines, penalties, interest, and the like resulting from the operation of the vehicle in question. Dkt. No. 1, Ex. 6 (Original Petition for Declaratory Relief). NTTA, with Ms. Schulman's written consent, removed this civil action to federal district court. *See* Dkt. No. 1. As grounds for removal, NTTA invoked federal question jurisdiction because, according to NTTA, Plaintiff asserted "that his claim arises under the United States Constitution." Dkt. No. 1 at 1.

Plaintiff Joel A. Schulman has not moved to remand to state court and appears to agree that this Court has subject matter jurisdiction because Plaintiff's suit involves a federal question. *See* Dkt. No. 7 at 2.

After reviewing the Notice of Removal [Dkt. No. 1] and the state court papers, the undersigned *sua sponte* questioned whether removal was proper. *See* Dkt. No. 9. The undersigned ordered NTTA to file a brief explaining the basis for this Court's subject matter jurisdiction over Plaintiff's claim or claims in this removed action. The undersigned also invited Plaintiff and Ms. Schulman to file a brief, likewise addressing the basis of this Court's jurisdiction over Plaintiff's claim or claims in this removed action. Neither Plaintiff nor Ms. Schulman filed a brief in response to the undersigned's invitation. NTTA filed a brief contending that this Court has subject matter jurisdiction over this action on the bases of federal question jurisdiction and diversity jurisdiction. NTTA further contended, in the alternative, that the Court would not abuse its discretion by addressing Defendant's Federal Rule of Civil

Procedure12 motions prior to determining whether it has jurisdiction over this action. *See* Defendant North Texas Tollway Authority's Brief Concerning Court's Subject Matter Jurisdiction Over Plaintiff's Claims [Dkt. No. 12]. NTTA also filed a motion for leave to amend its removal notice to add diversity jurisdiction as a basis for removal [Dkt. No. 14], which the undersigned granted by separate order.

The Court should remand this case because it lacks subject matter jurisdiction under either federal question jurisdiction or diversity jurisdiction. In addition, the dispositive motions filed in this case by both parties should be dismissed without prejudice because the issues therein must be determined by the state court.

**Legal Standards and Analysis**

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*."). A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*,

841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

*Federal Question Jurisdiction*

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). To support removal, therefore, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter*, 44 F.3d at 366.

Here, the only mention of the United States Constitution in Plaintiff's original Petition is in a section entitled "Punitive Damages," in which Plaintiff asserts: "The Plaintiff now also sues the Defendants, jointly and severally as well as individually, for punitive damages for their conduct toward him, such conduct done with malice, gross negligence and total disregard of his legal and Constitutional rights, under both the U.S. and Texas Constitutions." Dkt. No. 1, Ex. 6 at § VI. The Original Petition

nowhere else mentions the United States Constitution or any other law of the United States, and NTTA does not contend otherwise. *See* Dkt. No. 1 & Ex. 6.

Under Texas law, "an award of punitive damages is not a separate cause of action," *Sulzer Carbomedics, Inc. v. Oregon Cardio-Devices, Inc.*, 257 F.3d 449, 461 (5th Cir. 2001), such that a demand for punitive damages is not "separate and distinct from the underlying claim for compensatory damages," where "Texas, like the majority of states, limits punitive damages to cases in which actual compensatory damages are found," *Lanier v. Salas*, 777 F.2d 321, 325 (5th Cir. 1985). The same is true for demands for punitive damages sounding in federal law. *See, e.g.*, *Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 604 (5th Cir. 1988) (addressing 42 U.S.C. § 1983 claim). "Punitive damages are not an independent claim or cause of action, but are a remedy available in various causes of action." *Id.*

Here, Plaintiff does not specify what federal constitutional rights Defendants' conduct allegedly violated, *see* Dkt. No. 1, Ex. 6 at § VI, nor does his Original Petition state what cause of action would authorize an award of punitive damages, *see* Dkt. No. 1, Ex. 6. And no cause of action appears on the face of the Original Petition that would support an award of punitive or exemplary damages. Moreover, "[w]here a federal issue is present as only one of multiple theories that could support a particular claim, ... this is insufficient to create federal jurisdiction." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 918 (5th Cir. 2001); *Cantwell v. Deutsch Bank Secs., Inc.*, No. 3:05-cv-1378-D, 2005 WL 2296049, at

*2 (N.D. Tex. Sept. 21, 2005). That is true of Plaintiff's invocation of the federal Constitution here.

NTTA's heavy reliance on *Bell v. Hood*, 327 U.S. 678 (1946), is misplaced. In *Bell v. Hood*, jurisdiction was found where alleged violations of the Fourth and Fifth Amendments by defendants formed the sole basis of relief sought. 327 U.S. at 683. In this case, Plaintiff invokes the United States Constitution only in seeking punitive damages, and does so in tandem with the Texas State Constitution. As such, *Bell v. Hood* is inapplicable to the facts of this case, and Defendants have failed to establish federal question jurisdiction.

*Diversity Jurisdiction*

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. §§ 1332(a), (b). Failure to allege adequately the basis of diversity requires remand. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). For purposes of determining jurisdiction, the amount in controversy claimed by the plaintiff controls if the claim is apparently made in good faith; however, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount," the Court will determine that it lacks jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). Further, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Here, Plaintiff's state court petition seeks a declaratory judgment, attorneys' fees, and punitive damages in the amount of $250,000. NTTA relies solely on Plaintiff's $250,000 punitive damages claim to establish the amount in controversy. However, it is apparent to a legal certainty that Plaintiff cannot recover punitive damages of $250,000, because, under Texas law, punitive damages are unavailable absent a finding of actual damages or the recovery of property. *See Nabours v. Longview Savings & Loan Ass'n*, 700 S.W.2d 901, 903-05 (Tex. 1985); *RDG P'ship v. Long*, 350 S.W.3d 262, 279-281 (Tex. App. – San Antonio 2011, no pet.). In this action, Plaintiff does not seek actual damages or the recovery or property. As such, no punitive damages are available to Plaintiff under Texas law.

Plaintiff's state court petition does not allege an amount of damages for either the declaratory relief sought or his attorneys' fees. As such, Defendants must prove by a preponderance of the evidence – that is, that it is more likely than not – that the amount sought exceeds the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998). Defendants have failed to meet its burden. The amount in controversy in a declaratory judgment action is "the value of the right to be protected or the extent of the injury to be prevented." *Webb. v. Investacorp., Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). However, nothing on the face of the

state court petition nor in the record sheds any light on the value of the tolls levied by NTTA in 2010, nor for any tolls expected to be levied by NTTA on Plaintiff.

Similarly, nothing on the face of the state court petition nor in the record suggests the value of the attorneys' fees sought by Plaintiff. As such, the damages in this case are simply too speculative or uncertain for the court to conclude that the amount in controversy more likely than not exceeds $75,000. *See St. Paul Reinsurance Co.*, 134 F.3d at 1253 n.13; *Firewheel Surgical Sales, LLC v. Exact Surgical, Inc.*, No. 3:12-cv-1971-L, 2013 WL 139548, *4 (N.D. Tex. Jan. 11, 2013).

*Supplemental Jurisdiction*

Because the Court lacks either diversity or federal question jurisdiction over Plaintiff's claims, the Court has no basis to take up NTTA's invitation to exercise supplemental jurisdiction under 28 U.S.C. 1367 over any claim. *See Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 221-22 (5th Cir. 2012) ("[S]upplemental jurisdiction can be exercised in a case that has invoked an independent basis of federal subject matter jurisdiction ... [I]f a federal claim is too insubstantial to invoke federal question jurisdiction for the underlying case, and there is no diversity, there can be no supplemental jurisdiction of other claims. .... In order for a federal court to invoke supplemental jurisdiction under *Gibbs*, it must first have original jurisdiction over at least one claim in the action." (internal quotation marks and citations omitted)).

*Outstanding Dispositive Motions*

NTTA has filed a motion to dismiss Plaintiff's lawsuit pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(7). *See* Defendant North Texas Tollway Authority's Motion

to Dismiss and Alternative Motion for Judgment on the Pleadings [Dkt. No. 10]. NTTA subsequently filed a supplement to its motion to dismiss. *See* Defendant North Texas Tollway Authority's Supplement to Motion to Dismiss and Supplement to Alternative Motion for Judgment on the Pleadings [Dkt. No. 13]. NTTA has urged the Court to dismiss on the ground of mootness prior to determining whether it has subject matter jurisdiction pursuant to 28 U.S.C. § 1441(a) or 28 U.S.C. §§ 1332. *See* Dkt. 12 at 7. NTTA's motion to dismiss should be denied without prejudice, because, where this Court lacks subject matter jurisdiction, "the question of mootness of the suit is left for the state court, which has exclusive jurisdiction of the case and which may have different standards of mootness than do the federal courts." *News-Texan, Inc. v. City of Garland*, 814 F.2d 215, 218 (5th Cir. 1987). And, NTTA's suggestions to the contrary notwithstanding, taking up any other attacks on the merits of Plaintiff's claims on a Rule 12(b)(6) motion would likewise be inappropriate. *See Saadat v. Landsafe Flood Determination, Inc.*, 253 F. App'x 343, 343 (5th Cir. 2007) ("Following the defendants' removal of the suit to federal court, the district court granted the defendants' Fed. R. Civ. P. 12(b)(6) motion, and Saadat now appeals. Concluding that there was no basis for federal removal jurisdiction, we vacate the district court's dismissal of Saadat's claims and remand the case to the district court with instructions to remand the case to state court.").

Plaintiff has filed a motion for court ordered dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). *See* Plaintiff's Motion for Court Ordered Dismissal and Brief in Support [Dkt. No. 22]. Plaintiff's motion to dismiss should likewise be denied

without prejudice because, as this Court lacks subject matter jurisdiction over the case, it lacks jurisdiction to grant Plaintiff's motion for dismissal. *See Harden v. Field Mem'l Cmty. Hosp.*, 265 F. App'x 405, 407-08 (5th Cir. 2008); *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994, 1000 (5th Cir. 2000).

**Recommendation**

For the reasons stated herein, the Court lacks subject matter jurisdiction over this action. Accordingly, the Court should remand the action to the 101st Judicial District, Dallas County, Texas, from which it was removed. The Court should deny without prejudice Defendant North Texas Tollway Authority's Motion to Dismiss and Alternative Motion for Judgment on the Pleadings [Dkt. Nos. 10 & 13] and Plaintiff's Motion for Court Ordered Dismissal [Dkt. No. 22].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 11, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE